Argued and submitted July 29, reversed and remanded December 23, 1992,
reconsideration denied March 3, petition for review denied May 25, 1993
(316 Or 529)

Mick WALKUP
and Betty Walkup,
husband and wife,
*Appellants,*

*v.*

Douglas CUSHING,
*Respondent.*

(90-1253-L-1; CA A71853)

844 P2d 237

Edmonds, J., filed specially concurring opinion.

Daniel C. Thorndike, Medford, argued the cause for appellants. With him on the brief were Ervin B. Hogan and Blackhurst, Hornecker, Hassen & Thorndike, Medford.

P. David Ingalls, Medford, argued the cause for respondent. With him on the brief was Cowling & Heysell, Medford.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

Edmonds, J., specially concurring.

## PER CURIAM

In this professional negligence case, plaintiffs claim that defendant was negligent in failing to raise a defense on their behalf when he represented them in an earlier action. We reverse.

The legal issue is whether, when a mortgagee[1] transfers the debt and the mortgage to the grantee of the mortgagor, the debt merges with the security. If it does, defendant was not entitled to summary judgment on plaintiffs' claim that he was negligent in failing to raise merger as a defense when plaintiffs, who signed separate guarantees, were sued as guarantors of the note. Defendant asserts that the grantee's intent controls whether there was a merger. Plaintiffs argue that, under the circumstances of this case, merger occurred, regardless of the grantee's subjective intent.

Plaintiffs are correct. The situation presented in this case is precisely like that in *Baxter v. Redevco, Inc.*, 279 Or 117, 566 P2d 501 (1977), where the Court held that the grantee's intention is not relevant, and there was a merger of the debt with the security. 279 Or at 123. The same result obtains here.

Because the debt merged with the security, plaintiffs had a defense to the action on their guarantee. Defendant was not entitled to summary judgment.

Reversed and remanded.

**EDMONDS J.,** specially concurring.

Defendant is alleged to have committed professional malpractice in handling litigation because he did not raise merger as a defense. Although I agree that summary judgment is not appropriate, I disagree with the majority's reasoning. A discussion of the facts will show why I write separately.

Plaintiffs purchased restaurant property from Victor and Mary Abatino in 1980. The Abatinos took a trust

---

[1] The security device in this case was a trust deed. Because it does not affect the analysis, and for ease of reference, we will refer to the parties as though there were a mortgage.

deed as security for a $260,000 promissory note executed by plaintiffs. Those instruments were canceled in 1983 as part of a transaction in which plaintiffs and the Abatinos subordinated their security interests in the restaurant to new buyers. Plaintiffs guaranteed a note executed by the buyers to Citizens Financial Services Inc. (Citizens). As of June 1983, the restaurant property was encumbered by a note and a trust deed to Citizens to secure a $100,000 debt, a land sale contract between the buyers and the Abatinos for $260,000 and a trust deed and note from the buyers in favor of plaintiffs for $39,000.

In July 1986, the Abatinos took the property back, because the buyers had defaulted on the land sale contract. Victor Abatino purchased the Citizens' note for $100,000 and its trust deed was assigned to him. In June 1987, he sued plaintiffs on the note as guarantors. They hired defendant to represent them in the litigation. Defendant did not raise the defense of merger, and summary judgment was granted to Abatino. In this case, plaintiffs claim that defendant was negligent in not raising the defense.

The trial court ruled that, on the basis of the summary judgment record, no merger had occurred in 1986. The general rule is that merger is a matter of the intention of the parties. An exception to the rule is when a grantee of a mortgagor takes a deed subject to the encumbrance. In that instance, merger occurs as a matter of law, without regard to the intent of the parties, because, presumably, the grantee has paid fair market value for the property less the value of the encumbrance. *Baxter v. Redveco, Inc.*, 279 Or 117, 123-24, 566 P2d 501 (1977). It follows that the encumbrance merges with the deed because, when the grantee pays the encumbrance, he has paid full value. On the basis of that exception to the general rule, the majority holds that the Abatinos' intention is not relevant and that, "[b]ecause the debt merged with the security, plaintiffs had a defense to the action on their guarantee." 117 Or App at 352.

The underlying premise of the *Baxter* rule is not applicable under the facts of this case. The Abatinos did not pay any consideration for the property when the deed in lieu of foreclosure, which had been held in escrow since 1983, transferred the land in 1986 as a result of the buyers' default.

Therefore, the predicate for the rule that the purchase price for the property reflects its fair market value less the value of the encumbrance when the purchase is by the grantee, does not exist. The majority errs when it holds that, under these facts, merger occurred as a matter of law.

In order for defendant to be entitled to a summary judgment on this record, a merger defense must have not been available, as a matter of law and fact. ORCP 47C. Plaintiffs' affidavit in opposition to defendant's motion for summary judgment avers that the value of the property in 1983 exceeded the amount of the guarantees and that they would not have guaranteed the note in the absence of adequate security. When that evidence is considered in the context of the 1983 transaction in which the Abatinos subordinated their interest to Citizens and a deed in lieu of foreclosure was placed in escrow, an inference arises that the parties contemplated that there would be no recourse against plaintiffs on the guarantees in the event that the Abatinos reacquired the property. In other words, the bargain may have included the agreement that a return of the property to the Abatinos carried with it the assumption of the Citizens' note because of the value of the property. That inference creates an issue of fact that prevents summary judgment. We should reverse and remand on that basis.